# EXHIBIT "A"

# Mississippi Electronic Courts
## Seventh Circuit Court District (Hinds Circuit Court - Jackson)
### CIVIL DOCKET FOR CASE #: 25CI1:22-cv-00550-TTG

BASLEY v. KROGER LIMITED PARTNERSHIP I et al
Assigned to: Senior Circuit Judge Tomie Green

**Upcoming Settings:**

None Found

Date Filed: 08/26/2022
Current Days Pending: 33
Total Case Age: 33
Jury Demand: None
Nature of Suit: Premises Liability (187)

**Plaintiff**
DIANNE BASLEY                    represented by    **Harry Merritt Mccumber**
                                                    Morgan & Morgan PLLC
                                                    4450 Old Canton Road, Suite 200
                                                    JACKSON, MS 39211
                                                    601-718-0934
                                                    Fax: 601-949-3399
                                                    Email: hmccumber@forthepeople.com
                                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**
KROGER LIMITED PARTNERSHIP I

**Defendant**
JOHN DOES 1-10

| Date Filed | # | Docket Text |
|---|---|---|
| 08/26/2022 | 2 | COMPLAINT against JOHN DOES 1-10, KROGER LIMITED PARTNERSHIP I, filed by DIANNE BASLEY. (Attachments: # 1 Civil Cover Sheet,) (RH) (Entered: 08/26/2022) |
| 08/26/2022 | 3 | SUMMONS Issued to KROGER LIMITED PARTNERSHIP I. (RH) (Entered: 08/26/2022) |
| 08/31/2022 | 4 | SUMMONS Returned Executed by DIANNE BASLEY. KROGER LIMITED PARTNERSHIP I served on 8/29/2022, answer due 9/28/2022. Service type: Personal (Mccumber, Harry) (Entered: 08/31/2022) |

# IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
# FIRST JUDICIAL DISTRICT

**DIANNE BASLEY**                                                           **PLAINTIFF**

**VS.**                                                       **CAUSE NO. 22-550**

**KROGER LIMITED PARTNERSHIP I;**
**AND JOHN DOES 1-10**                                          **DEFENDANTS**

## COMPLAINT
### (TRIAL BY JURY)

COMES NOW, Plaintiff, Dianne Basley, (hereinafter "Plaintiff") by and through the undersigned counsel, hereby files this Complaint against the Defendant Kroger Limited Partnership I, (hereinafter "Defendant") and John Does 1-10, and alleges as follows:

1.　This is an action for damages within the jurisdictional limits of the court. The actual value of Plaintiff's claim will be determined by a fair and just jury.

2.　Plaintiff, Dianne Basley, is a natural person who resided at 349 Walnut Street N., Meadville, Mississippi 39653.

3.　At all times material to this action, Defendant, Kroger Limited Parternship I, is a limited partnership company licensed to do business in the State of Mississippi. Corporation Service Company is the registered agent and can be served at 7716 Old Canton Rd., Suite C, Madison, MS 39110.

4.　Defendants, John Does 1-10, are other Defendants whose names, whereabouts, and/or involvement are at this time unknown to the Plaintiff but who may be added at a later date. John Does 1-10 include the owners, operators, managers, and all other entities, corporate and/or individuals of the Defendants, who were in some manner negligently and proximately responsible for the events and happenings alleged in this Complaint and for the Plaintiff's

1

injuries and damages. Plaintiff will amend this Complaint to allege the true capacity of these parties when they are ascertained.

5. At all times material hereto, Defendant is the owner and in possession of that certain business located at 14910 I-55 N. Frontage Rd., Jackson, MS 39211, in Hinds County, Mississippi, open to the public, including the Plaintiff herein.

6. On or about March 21, 2021, Plaintiff was a business invitee of the Defendant's premises located at the above address.

7. At said time and place, the Plaintiff was a lawful guest upon the premises of the Defendant who owed Plaintiff a nondelegable duty to exercise reasonable care for her safety. Plaintiff tripped and fell due to an unsecured, protruding and negligently placed metal plate on the floor in front of the store's registers. The Plaintiff sustained injuries to both knees, her ankle and has continual back pain from this incident which has caused hours of physical therapy and significant mental anguish as a direct result of the Defendant's negligence.

**COUNT I – CLAIM FOR PREMISES LIABILITY
AGAINST DEFENDANT, KROGER LIMITED PARTNERSHIP I**

8. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

9. At said time and place, the Defendant, as owner and/or operator of the premises, owed a duty to the Plaintiff to keep the premises in a reasonably safe condition, to warn the Plaintiff of any dangers not readily apparent of which it knew or should have known in the exercise of reasonable care, to conduct reasonable inspections to discover dangerous conditions existing on the premises, and to correct any such dangerous conditions such as the unleveled, unsecured, and negligently placed metal plate on the floor that caused the Plaintiff's fall.

10. At said time and place, the Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the floors on the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently allowing an unleveled and unsecured metal plate to remain on the floor, creating a dangerous hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the floor as specified above, to ascertain whether the floor was free and clear of all dangerous conditions. The poorly maintained condition of the floor constituted a hazard to patrons in the area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the unsecured metal plate and whereas there was no warning to guests where the incident occurred when Defendant knew, or through the exercise of reasonable care should have known, that said floor was unreasonably dangerous and that Plaintiff was unaware of same;

   e) Negligently failing to correct and/or inspect and/or maintain the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

   f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors of the premises or dangerous conditions;

   g) Negligently failing to train and/or inadequately training its employees to inspect and/or maintain the floors and to provide visibility or notice for dangerous conditions;

   h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

   i) Negligently failing to act reasonably under the circumstances.

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, KROGER LIMITED PARTNERSHIP I

11. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

    a) Negligently failing to maintain or adequately maintain the floors on the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b) Negligently allowing an unleveled and unsecured metal plate to remain on the floor, creating a dangerous hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    c) Negligently failing to inspect or adequately inspect the floor as specified above, to ascertain whether the floor was free and clear of all dangerous conditions. The poorly maintained condition of the floor constituted a hazard to patrons in the area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    d) Negligently failing to inspect or adequately warn the Plaintiff of the unsecured metal plate and whereas there was no warning to guests where the incident occurred when Defendant knew, or through the exercise of reasonable care should have known, that said floor was unreasonably dangerous and that Plaintiff was unaware of same;

    e) Negligently failing to correct and/or inspect and/or maintain the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

    f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors of the premises or dangerous conditions;

    g) Negligently failing to train and/or inadequately training its employees to inspect and/or maintain the floors and to provide visibility or notice for dangerous conditions;

    h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

4

        i)       Negligently failing to act reasonably under the circumstances.

12.    At said time and place, Defendant owned, controlled, and/or possessed the business premises.

13.    At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

14.    Further, the Defendant was negligent through the actions and inactions of its agents, representatives, and/or employees. The negligence of the Defendant includes, but is not necessarily limited to, the following:

    a)    Failure to adequately inquire into the competence of employees and/or others, if any, that were responsible for maintaining safe conditions in and around the building, and the inspection, repairing and monitoring of potential dangers including the floors;

    b)    Failure to adequately train and supervise employees and/or others, if any, that were responsible for maintaining safe conditions on the premises, including the floors;

    c)    Failure to comply with industry standards/regulations and the law of the State of Mississippi;

    d)    Allowing unsecure and unsafe metal flooring plates to remain on the floors without warning or notice; and

    e)    Other acts of negligence to be shown at the trial of this cause.

15.    As a result, Plaintiff, Dianne Basley, tripped and fell due to an improperly placed, unsecured and unleveled piece of metal on the floor. She injured both knees, her ankle and has continual back pain from this incident which has caused hours of physical therapy and significant mental anguish as a direct result of the Defendant's negligence.

16.    Defendant's breach of these duties proximately caused Plaintiff to suffer serious bodily injury and economic damages, including, but not limited to, the following:

a. past, present, and future physical pain and suffering;

b. past, present, and future medical expenses;

c. past, present, and future loss of enjoyment of life;

d. past, present and future mental and emotional pain and suffering;

e. permanent physical restrictions, limitations, and/or disability; and

f. any other damages allowed by Mississippi law.

## PRAYER OF RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Dianne Basley, requests a trial by jury and demands damages including actual, compensatory, consequential, and incidental damages, for physical injuries; past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses; and any other special damages that may be incurred by the Plaintiff, together with attorney fees, costs of suit and any further relief as the Court may deem proper.

RESPECTFULLY SUBMITTED, this the 23rd day of August, 2022.

DIANNE BASLEY, PLAINTIFF

BY: _____
HARRY M. McCUMBER

OF COUNSEL:

MORGAN & MORGAN, PLLC
HARRY M. McCUMBER (MSB#10632)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 718-0921
Facsimile: (601) 503-1650
Email: hmccumber@forthepeople.com

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

**DIANNE BASLEY**                                                    **PLAINTIFF**

**VS.**                                          **CAUSE NO. 22-550**

**KROGER LIMITED PARTNERSHIP I;**
**AND JOHN DOES 1-10**                                          **DEFENDANTS**

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO THE DEFENDANT, KROGER LIMITED PARTNERSHIP I

COMES NOW, the Plaintiff, Dianne Basley (hereafter "the Plaintiff"), by and through her attorney(s) of record, and propounds this her First Set of Request for Production of Documents to the Defendant, The Kroger Limited Partnership I; and John Does 1-10, to be answered by the Defendant pursuant the *Mississippi Rules of Civil Procedure*:

**REQUEST NO. 1:** Each and every written report (not including reports made by your attorneys) concerning the incident referred to in the Complaint.

**REQUEST NO. 2:** Any insurance agreement(s) under which any insurance business may be liable to satisfy all or part of any judgment which may be entered in this action, or used to indemnify or reimburse you for payments made to satisfy the judgment.

**REQUEST NO. 3:** All books, documents, data compilations, and/or tangible things which are in your possession, custody or control, or that you know to exist that you may use to support any of your affirmative defenses in this matter.

**REQUEST NO. 4:** Any photographs, films or diagrams relating to any discoverable matter concerning this lawsuit.

**REQUEST NO. 5:** Any reports of slip(s) and/or fall(s) that occurred on the Defendant's premises for the two (2) year period prior to the date of the subject incident and during the period subsequent to the date of the subject incident.

**REQUEST NO. 6:** Any written procedures which you, or anyone on your behalf, were to follow at and before the time of the incident in question concerning the maintenance, cleaning, and/or inspection of the premises.

**REQUEST NO. 7:** Any written warnings (such as by a sign or otherwise) which were given to the Plaintiff, and/or to the patrons/business invitees in general before the incident in question concerning the condition of the premises.

**REQUEST NO. 8:** Any training procedures which were to be followed in the course of training the Defendant's employees with regard to patrons tripping and/or slipping and/or falling on the premises at the time of the complained of incident. This includes any and all written material, slides, photographs, films, videotapes, etc., which the Defendant used in training its employees.

**REQUEST NO. 9:** Any documents that you may use to support any affirmative defense you raised in response to the Plaintiff's Complaint.

**REQUEST NO. 10:** Any statements made by the Plaintiff to any of the Defendant's employees and/or representatives, and any witness regarding the subject incident.

**REQUEST NO. 11:** Copies of any reports and/or complaints made with regard to the condition of the premises for the two (2) year period prior to the subject incident.

**REQUEST NO. 12:** Copies of any documents describing or referring to the system or routine of inspecting, cleaning and/or maintaining the premises and which were in effect on the date of the subject incident.

**REQUEST NO. 13:** Copies of any documents which refer to any inspection, cleaning, maintenance and/or repair of the premises on the date of the subject incident or prior to the time of the incident.

**REQUEST NO. 14:** Copies of any and all documents obtained via Subpoena Duces Tecum or public records request, or by means of a medical authorization.

**REQUEST NO. 15:** Copies of any and all documents reviewed by your experts.

**REQUEST NO. 16:** Any and all footage from CCTV/security/surveillance cameras that depict the events alleged in the complaint.

**REQUEST NO. 17:** Any and all footage from CCTV/security/surveillance cameras that depict Plaintiff regardless of location on the subject premises for the entire date of incident.

**REQUEST NO. 18:** Any and all footage from CCTV/security/surveillance cameras that depict the subject incident.

**REQUEST NO. 19:** Any and all footage from CCTV/security/surveillance cameras that depict the area where the subject incident occurred for the period of time beginning four (4) hours immediately prior to the subject incident and ending four (4) hours immediately after the subject incident.

**REQUEST NO. 20:** Any and all footage from CCTV/security/surveillance cameras located inside the subject location for the entire interior of the premises for the 24 hour period of time immediately preceding the subject incident.

**REQUEST NO. 21:** Please provide footage from all CCTV/security/surveillance cameras located inside the subject location for the entire interior of the premises for the 24 hour period of time immediately preceding the subject incident.

RESPECTFULLY SUBMITTED, this the 23rd day of August, 2022.

DIANNE BASLEY, PLAINTIFF

BY: _____
HARRY M. McCUMBER

OF COUNSEL:

MORGAN & MORGAN, PLLC
HARRY M. McCUMBER (MSB#10632)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 718-0921
Facsimile: (601) 503-1650
Email: hmccumber@forthepeople.com

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts — (Rev 2020)

**Court Identification Docket #**: 25 1 CI
**Case Year**: 2022
**Docket Number**: 550
**Local Docket ID**: (blank)

**County #**: 25  **Judicial District**: 1  **Court ID (CH, CI, CO)**: CI

This area to be completed by clerk: Month 08 Date 26 Year 22

Case Number if filed prior to 1/1/94: (blank)

In the **CIRCUIT** Court of **HINDS** County — **FIRST** Judicial District

### Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Remanded
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

### Plaintiff
**Individual** — Last Name: Basley  First Name: Dianne

Address of Plaintiff: 349 Walnut Street, N., Meadville, MS 39653
Attorney (Name & Address): Harry McCumber, Morgan & Morgan, 4450 Old Canton Rd., Jackson, MS 3921
MS Bar No.: 10632

Signature of Individual Filing: /s/ HM

### Defendant
**Business**: Kroger Limited Partnership I

### Nature of Suit (Place an "X" in one box only)

**Domestic Relations**
- Child Custody/Visitation
- Child Support
- Contempt
- Divorce: Fault
- Divorce: Irreconcilable Diff.
- Domestic Abuse
- Emancipation
- Modification
- Paternity
- Property Division
- Separate Maintenance
- Term. of Parental Rights-Chancery
- UIFSA (eff 7/1/97; formerly URESA)
- Other

**Appeals**
- Administrative Agency
- County Court
- Hardship Petition (Driver License)
- Justice Court
- MS Dept Employment Security
- Municipal Court
- Other

**Business/Commercial**
- Accounting (Business)
- Business Dissolution
- Debt Collection
- Employment
- Foreign Judgment
- Garnishment
- Replevin
- Other

**Probate**
- Accounting (Probate)
- Birth Certificate Correction
- Mental Health Commitment
- Conservatorship
- Guardianship
- Joint Conservatorship & Guardianship
- Heirship
- Intestate Estate
- Minor's Settlement
- Muniment of Title
- Name Change
- Testate Estate
- Will Contest
- Alcohol/Drug Commitment (Involuntary)

**Alcohol/Drug Commitment (Voluntary)**
- Other

**Children/Minors - Non-Domestic**
- Adoption - Contested
- Adoption - Uncontested
- Consent to Abortion
- Minor Removal of Minority
- Other

**Civil Rights**
- Elections
- Expungement
- Habeas Corpus
- Post Conviction Relief/Prisoner
- Other

**Contract**
- Breach of Contract
- Installment Contract
- Insurance
- Specific Performance
- Other

**Statutes/Rules**
- Bond Validation
- Civil Forfeiture
- Declaratory Judgment
- Injunction or Restraining Order
- Other

**Real Property**
- Adverse Possession
- Ejectment
- Eminent Domain
- Eviction
- Judicial Foreclosure
- Lien Assertion
- Partition
- Tax Sale: Confirm/Cancel
- Title Boundary or Easement
- Other

**Torts**
- Bad Faith
- Fraud
- Intentional Tort
- Loss of Consortium
- Malpractice - Legal
- Malpractice - Medical
- Mass Tort
- Negligence - General
- Negligence - Motor Vehicle
- [X] Premises Liability
- Product Liability
- Subrogation
- Wrongful Death
- Other

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**DIANNE BASLEY**                                             **PLAINTIFF**

**VS.**                                                       **CAUSE NO. 22-550**

**KROGER LIMITED PARTNERSHIP I;**
**AND JOHN DOES 1-10**                                     **DEFENDANTS**

### SUMMONS

TO:     Kroger Limited Partnership I
          Corporation Services Company, Registered Agent
          7716 Old Canton Rd., Suite C.
          Madison, Mississippi 39110 or wherever found.

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Harry McCumber, attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this **26** day of **August**, 2022.

                                          **HONORABLE ZACK WALLACE, CLERK**
                                          **HINDS COUNTY CIRCUIT COURT**

                                          By: _Rona Holy_, D.C.

## PROOF OF SERVICE

TO: Kroger Limited Partnership I
Corporation Services Company, Registered Agent
7716 Old Canton Rd., Suite C.
Madison, Mississippi 39110 or wherever found.

I, the undersigned process server, served the Summons/Complaint upon the person or entity named above in the matter set forth below.

\_\_\_\_\_ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. form 1B)

__✓__ **PERSONAL SERVICE.** I personally delivered copies of the Summons/Complaint to __Danny Perry__ on the __29th__ day of __August__, 20__22__ where I found said person(s) in __Madison__ County of the State of Mississippi.

\_\_\_\_\_ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the Summons/Complaint on the _____ day of _____, 20\_\_\_\_, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____ (husband, wife, son, daughter, etc.), a member of the family of the person served above the age of sixteen (16) years and willing to receive the Summons and Complaint, and thereafter on the _____ day of _____, 20\_\_\_\_, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

\_\_\_\_\_ **CERTIFIED MAIL SERVICE.** By mailing to an address outside/inside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused").

At the time of service, I was at least 18 years of age and not a party to this action.

NAME: Robert Gray
ADDRESS: 4450 Old Canton Rd.
TELEPHONE: 601.949.3358

STATE OF MISSISSIPPI
COUNTY OF Hinds

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named __Robert Gray__ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____ Process Server (signature)

Sworn to and subscribed before me this the __29th__ day of __August__, 20__22__

My Commission Expires:

_____
Notary Public

Case 3:22-cv-00568-HTW-LGI   Document 1-1   Filed 09/28/22   Page 16 of 16
Case: 25CI1:22-cv-00550-TTG   Document #: 3   Filed: 08/26/2022   Page 1 of 1
Case: 25CI1:22-cv-00550-TTG   Document #: 4   Filed: 08/31/2022   Page 2 of 2

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**DIANNE BASLEY**  **PLAINTIFF**

VS.  CAUSE NO. 22-550

**KROGER LIMITED PARTNERSHIP I;**
**AND JOHN DOES 1-10**  **DEFENDANTS**

### SUMMONS

TO: Kroger Limited Partnership I
Corporation Services Company, Registered Agent
7716 Old Canton Rd., Suite C.
Madison, Mississippi 39110 or wherever found.

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Harry McCumber, attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this 26 day of August, 2022.

**HONORABLE ZACK WALLACE, CLERK**
**HINDS COUNTY CIRCUIT COURT**

By: Rona Holy, D.C.